In the Matter of the Application of the VILLAGE OF TUPPER LAKE, NEW YORK, Petitioner, for an Order to Review a Determination of the Public Service Commission, against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents.

Supreme Court, Special Term, Albany County, February 23, 1939.

*Andrews, McBride & Fennell,* for the petitioner.

*Gay H. Brown, Counsel to the Public Service Commission* [*John T. Ryan* of counsel], for the respondents.

SCHENCK, J.   This is a motion for a review of a determination of the respondent Commission reducing the rates charged by the petitioner in the operation of its electric power plant.   The motion papers also request a stay of enforcement of the new rates pending the review.   A temporary stay restraining enforcement of the new rates has already been granted by this court awaiting the outcome of this motion.   The respondent Commission opposes the motion for review and stay and also moves to have the temporary stay vacated.

While there are many differences between the parties with regard to the propriety of the method employed by the respondents in arriving at a basis for reduced rates, there are five major specific points which may be considered in the determination of this motion.

In the *first* place, the Commission in arriving at its basis for a reduction of rates refused to include the cost of municipal services, including street lighting rendered to the village of Tupper Lake itself, basing the rate reduction upon the power and services sold to private consumers.   Upon this basis the respondent Commission contends that the present return to the petitioner is excessive and that pursuant to the reduced rates the petitioner will still receive a nine per cent return on sales and services to private consumers.

*Second,* there is a general disagreement as to the method employed by the experts who made appraisals upon behalf of the respondent Commission.

*Third,* the petitioner contends that the proceeds which accrue to the village of Tupper Lake by virtue of a contract between the village and the United States government for the sale of power to the Tupper Lake Hospital should not be included as part of the basis for determining the rates to be charged.   The respondent Commission contends that the inclusion of the proceeds of this contract in determining a rate base was proper.

*Next,* the petitioner contends that the sale of electric power and services to neighboring communities should be included in arriving at a rate base.   The respondent Commission did not include these sales, and maintains that their exclusion was proper, even though there apparently was a loss to the village of Tupper Lake's municipal power plant as a result of the sales in question, especially the sales and services rendered to the town of Altamont.

*Finally,* the petitioner claims that the expenses of litigation incurred by it in a law suit known as the " Morrison Case " should be spread over a period of ten years for the purpose of determining rate bases in each of those ten years.   The Commission contends that these expenses have no place in the determination of a rate base.

It would seem that from these five controversial points there is ample reason for the granting of a review by the court of the entire rate-fixing proceeding. It does not seem necessary, furthermore, to pass upon the individual points of law in each of the five controversies, because on the question of appraisal, at least, there is a sharp dispute of fact. Furthermore, in a review of the entire proceeding, each point would, of course, be considered fully. It is possible, furthermore, that injustices would result if any one point was specifically considered without taking into account its relation to the other phases of the entire picture.

Accordingly, the motion for a review of the proceedings by which the new rates were fixed is hereby granted. This gives rise to the next argument which is upon the question of whether or not a stay should be granted pending the review.

Upon this point the respondent Commission contends that no stay should be granted and the present temporary stay should be vacated upon the theory that the petitioner has not shown that it would suffer irreparable damage if no stay were granted. This argument seems to be without merit. It is quite obvious, if the contentions of the petitioner village are correct, that pursuant to the order of the Commission it would be forced to sell power and services at a rate which would not enable it to receive a proper return. For example, in regard to the first of the controversial points, if the village of Tupper Lake could receive a nine per cent return only on private sales, its public service sales might well cause a loss on its entire municipal utility business, with a resultant loss to the taxpayers of the village. This, it seems, would clearly result in irreparable damage to the village which would not be repaired even though it were finally successful upon the review of the entire proceeding.

The motion of the petitioner, therefore, for a stay pending the review is granted. Likewise, of course, the motion of the respondent Commission to vacate the temporary stay must be denied.

Submit order accordingly, which order shall provide for a review by the Appellate Division, Third Department. No costs of motion.